UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-22841

ELSA B. MEDINA BRITO,

    Plaintiff,

vs.

SAINT PETER HOME HEALTH
CARE AGENCY, INC. and
PETER SZAJKO,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Elsa B. Medina Brito, sues Defendants, Saint Peter Home Health Care Agency, Inc. and Peter Szajko, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Elsa B. Medina Brito**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.     Plaintiff consents to participate in this lawsuit.

3.     Plaintiff was a non-exempt employee of Defendants.

4.     **Defendant, Saint Peter Home Health Care Agency, Inc.**, is a for profit corporation that is *sui juris* and has operated its home health care business here, in Miami-Dade County, Florida, at all times material.

5.     **Defendant, Peter Szajko**, was and is the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, hired Plaintiff, had

1

supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

6. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

7. Both Defendants employed Plaintiff.

8. Defendants were Plaintiff's employers, direct employers, and joint employers as the term "employer" is defined by 29 U.S.C. §203 (d).

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Venue is proper in this Court pursuant because Defendants transact business in Broward County, they maintain their office and principal place of business and/or live in Broward County, and also because Defendants employed Plaintiff in Broward County, with most of the actions complained of occurring within this County.

### *Background Facts*

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their provision of care and services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

2

13. In particular, Defendants own and operate a home healthcare company that utilizes computers, software, medical equipment and supplies, furniture, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

14. Furthermore, Defendants regularly and routinely obtain, exchange, and send/receive funds to and from insurers and payors located outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her using telephones, cleaning materials and supplies, food, produce, personal cleaning products, and other goods and supplies that moved through interstate commerce.

### *Liability*

17. Plaintiff worked for Defendants from February 2017 to the present, although her last day of active work was March 28, 2019.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are or were required to be in the custody of Defendants.

19. Plaintiff worked approximately 64 hours per week for Defendants as a non-exempt hourly employee, in particular as a home health aide.

20. Defendants paid Plaintiff an hourly wage of $10.00 per hour for each hour that she worked.

21. Defendants failed and refused to pay Plaintiff at the rate of time and one-half of her regular rate of pay for all hours worked over 40 hours in a workweek.

22. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

23. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours over 40 worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

24. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

26. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Elsa B. Medina Brito, demands the entry of a judgment in her favor and against Defendants, Saint Peter Home Health Care Agency, Inc. and Peter Szajko, jointly and severally after trial by jury and as follows:

4

  a.  That Plaintiff recovers a judgment for compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

  b.  That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

  c.  That Plaintiff recovers a judgment for an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

  d.  That Plaintiff recovers a judgment for all interest allowed by law;

  e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g.  Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 10th day of July 2019.

                                    Respectfully Submitted,

                                    s/Brian H. Pollock, Esq.
                                    Brian H. Pollock, Esq.
                                    Fla. Bar No. 174742
                                    brian@fairlawattorney.com
                                    FAIRLAW FIRM
                                    *Counsel for Plaintiff*
                                    7300 North Kendall Drive
                                    Suite 450
                                    Miami, FL 33156
                                    Tel:   305.230.4884